UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 702 |
| v. | Hon. Beth W. Jantz |
| BENJAMIN CARTER | Magistrate Judge |

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and the defendant, BENJAMIN CARTER, and his attorney, EMILY HOSSEINI, hereby agree to the following:

Defendant has been charged by information with Title 18, United States Code, Section 1361 (depredation of government property). Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.* By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the information for six months for the purpose of allowing defendant to demonstrate his good conduct during this period. For the purpose of demonstrating his good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

1.     Defendant shall not violate any law (federal/state/local). Defendant shall immediately contact his pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

1

2.    Defendant shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. If defendant loses his job or is unable to attend school, defendant shall notify his pretrial diversion supervisor at once. Defendant shall consult his pretrial diversion supervisor prior to job or school changes.

3.    Defendant shall report to his pretrial diversion supervisor as directed, comply with his or her instructions, and keep him/her informed of defendant's whereabouts.

4.    Defendant shall continue to reside in his current judicial district. If defendant intends to move out of that district, defendant shall inform his pretrial diversion supervisor so the Pretrial Services Office and the government can determine whether it is possible and appropriate to transfer responsibility for defendant's supervision.

5.    Defendant shall not possess any firearm or apply for any Firearm Owner's Identification card.

6.    Within 72 hours of any significant change in defendant's economic circumstances that might affect his ability to pay restitution and the fine, defendant must notify the pretrial diversion supervisor of the change.

7.    Defendant shall pay restitution totaling $440.91 to the United States Department of Homeland Security, Immigration and Customs Enforcement, and a $500 fine, on a schedule to be determined by the Pretrial Services Office and approved by the U.S. Attorney's Office. All payments are to be made to the Clerk of the Court.

8.    Defendant shall refrain from unlawfully using or possessing narcotic drugs or other controlled substances defined in Title 21, United States Code, Section 802, unless prescribed by a licensed medical practitioner.

9.    Defendant shall complete 30 documented hours of community service. The specific type of community service performed must be approved by both Pretrial Services and the government.

## Admissions by Benjamin Carter

By signing this Agreement, defendant admits the following facts and agrees that these admissions may be used against him in any proceeding for any

2

purpose, including as admissions, in the event that the government subsequently determines that he has breached this Agreement and the United States resumes or institutes prosecution of the charge against defendant in the information, or any other charge:

At approximately 11:00 a.m., on October 9, 2025, in Aurora, Illinois, near the intersection of east New York Street and north Madison Street, defendant BENJAMIN CARTER walked up to a dark colored Jeep SUV, which was slowly driving away from the area. Defendant knew that the dark colored Jeep SUV was a government vehicle. Defendant punched the rear windshield of the SUV with his right fist, causing the rear windshield to shatter and leaving a hole in the windshield where defendant had punched.

After defendant punched the vehicle, defendant ran away, but was pursued by local law enforcement officers, who arrested defendant. Defendant acknowledges that the cost to repair the windshield was $440.91.

## Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed twenty-four months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the information against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound

3

to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising From Delay

I, BENJAMIN CARTER, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United States Code, Section 1361 (depredation of government property) for the period of 6 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

4

Defendant acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

_____     Date: 4/28/26
BENJAMIN CARTER
Defendant

_____     Date: 4-20-2026
EMILY HOSSEINI
Attorney for Benjamin Carter

_____     Date: 4/20/2026
SAQIB MOHAMMAD HUSSAIN
Assistant U.S. Attorney

5

PS 4
(03/06)

# PRETRIAL DIVERSION AGREEMENT

## IN THE UNITED STATES DISTRICT COURT

Northern District of Illinois

IN RE _____     File No. _____
            (Name of Divertee)

*(Or, if case filed)*

UNITED STATES OF AMERICA                    Case No. 1:25CR00702-1 _____

                    V.

Benjamin Carter _____
            Defendant

The court has been advised that ___Benjamin Carter_____ has entered into a pretrial
                                        (Divertee/Defendant)

diversion agreement dated ___4/20/26_____ , with the United States Attorney's office. A copy of the

agreement is attached to this order and is incorporated by reference.

The pretrial diversion agreement includes a condition that requires ___Benjamin Carter_____
                                                                        (Divertee/Defendant)

to make restitution in the amount of $ _440.91_ to _U.S. Dep't Homeland Security,_
                                                        (Address(es))

_Immigration & Customs Enforcement_____
                        (Address(es))

It is ORDERED that the clerk of the court accept and receive restitution payments from

Benjamin Carter _____ and disburse them to _U.S. Dep't Homeland Security,_
    (Divertee/Defendant)                                        (Address(es))

_Immigration & Customs Enforcement_____
                        (Address(es))

in accordance with the pretrial diversion agreement and in the manner in which restitution payments are received

and disbursed for criminal judgments.

HON. BETH W. JANTZ _____          _____
Name and Title of Judge                      Signature of Judge

                                             4/20/26
                                             _____
                                             Date